Cynthia Z. Levin, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN HARTLEY-CULP, individually and on behalf of all others similarly situated<br><br>Plaintiff(s),<br><br>vs.<br><br>RECEIVABLE SOLUTIONS SPECIALIST, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692, ET AL.)**<br><br>**Jury Demanded** |

## I. INTRODUCTION

**1.** This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

**2.** Jurisdiction of this Court arises under 15 U.S.C. §1692k (d). Venue is proper in the Middle District of Pennsylvania because a substantial part of the events or omissions giving rise to

Complaint - 1

Plaintiff's claims occurred in this district; Plaintiff is a resident of Monroe County, Pennsylvania, which falls within the Western District of Pennsylvania.

### III. PARTIES

3. Plaintiff, Dawn Hartley-Culp ("Plaintiff"), is a natural person residing in Monroe County in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, Receivable Solutions Specialist, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

6. On or about November 18, 2013, Defendant called Plaintiff's telephone in attempting to, and left her a voice-message wherein Defendant failed to disclose to Plaintiff that:1) Defendant is a debt-collector; 2) Defendant is calling Plaintiff regarding the collection of a debt; and 3) any information obtained would be used for debt-collection purposes.

7. In its November 18, 2013 voice-message for Plaintiff, Defendant also failed to disclose its true corporate identity, or provide any information identifying Defendant or the purpose of its call. Defendant's call came in the form of a pre-recorded message wherein Plaintiff was

prompted to make a selection on her telephone dial-paid, in order to continue the call through various routes.

8. The voice-message was left on Plaintiff's home telephone number, (484)661-1376.

## V. <u>CLASS ALLEGATIONS</u>

9. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

10. Plaintiff represents, and is a member of, the Class, which is defined as follows:

> **All persons in The United States who received a debt-collection telephone call from Defendant within one (1) calendar year from the filing of the original complaint wherein Defendant did not disclose its true business name to the person called or that Defendant is a debt-collector**

11. Defendant and its employees or agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes that members of the Class number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

12. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant called Plaintiff and members of The Class in attempting to collected alleged outstanding consumer debts, and during the course of such calls, failed to provide meaningful disclosure as required by Section 1692d(6) of the FDCPA, and also failed to disclose that it is a debt-collector, as required by Section 1692e(11) of the FDCPA.

13. This suit seeks damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek

recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**14.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

**15.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   **a.** Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt without disclosing its true business identity;

   **b.** Whether Defendant has communicated with consumers throughout the United States in connection with the collection of an alleged debt wherein Defendant has failed to disclose its true business identity.

   **c.** Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt without disclosing that it is a debt-collector.

   **d.** Whether Defendant has communicated with consumers throughout the United States in connection with the collection of an alleged debt wherein Defendant has failed to disclose that it is a debt-collector.

   **e.** The nature and extent of damages and other remedies to which the conduct of Defendant entitles The Class.

**16.** As a person that received debt-collection calls from Defendant wherein Defendant failed to disclose its true business identity, or that it is a debt-collector, Plaintiff is asserting claims

that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

17. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

19. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violations of the FDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

20. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### **CAUSE OF ACTION: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

**22.** Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    **a.** Except as for provided by *15 U.S.C. § 1692b*, placing telephone calls without providing meaningful disclosure of the caller's identity (*15 U.S.C. §1692d(6)*);

    **b.** Failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector (15 U.S.C. §1692e(11)).

**23.** As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**24.** Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

**25.** As a direct and proximate result of Defendant's violations of 15 U.S.C. §1692, et seq., Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages, each, in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

**26.** The violations of 15 U.S.C. §1692, et seq., described herein present a continuing threat to members of The Class because Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court

///

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

**a.** That this case be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

**b.** Declaratory judgment that Defendant's conduct violated the FDCPA;

**c.** Actual damages;

**d.** For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1692k(a)(1)-(2); and

**e.** For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted February 05, 2014.

By: **/s/Cynthia Levin**
**Cynthia Z. Levin, Esq.**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**